April 10, 1979

### 79-23   MEMORANDUM FOR THE GENERAL COUNSEL, GENERAL SERVICES ADMINISTRATION.

**Military Officer—Appointments to Civil Office—Administrator of General Services—Effect on Military Office—10 U.S.C. § 973; 40 U.S.C. § 751(c)**

This responds to your letter of March 27, 1979, inquiring: first, whether a commissioned military officer can retain his commission if he accepts a Presidential designation as Acting Administrator of General Services; and second, whether the officer can retain his commission if subsequently appointed as Administrator. In our opinion, both questions must be answered in the negative; indeed, we believe that he may not be designated as Acting Administrator. Section 973(b) of Title 10 U.S. Code, provides:

(b) Except as otherwise provided by law, no officer on the active list of the Regular Army, Regular Navy, Regular Air Force, Regular Marine Corps, or Regular Coast Guard may hold a civil office by election or appointment, whether under the United States, a Territory or possession, or a State. The acceptance of such a civil office or the exercise of its functions by such an officer terminates his military appointment.

(We assume that the officer in question is on the active list.) The acceptance of a civilian office or the exercise of its functions by such an officer thus terminates his military appointment unless otherwise provided by law.

With respect to your first question, the legal memorandum of law of your office takes the position that such an exception is found in § 101(c) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C. § 751(c). It provides in substance that, in the event of a vacancy in the Office of the Administrator of General Services, the Deputy Administrator shall be Acting Administrator of General Services unless the President shall designate "another officer of the Government."

Although you have not raised the issue, a threshold question is whether a commissioned military officer on the active list is "another officer of the Government" within the meaning of § 101(c). Your memorandum points to the close relationship between § 101(c) and the provisions of the Vacancy Act, 5 U.S.C. §§ 3345–3349, in particular 5 U.S.C. § 3347. That section authorizes the President to fill a vacancy in an executive or military department on a temporary basis by directing an officer in an Executive or military department, appointed by the President by and with the advice and consent of the Senate, to perform the duties of the office during the vacancy.[1] While it is true that the Vacancy Act itself is not applicable to the General Services Administration,[2] the interpretation given of the phrase in § 3347 "officer in an executive or military department" has a significant bearing on the meaning of "officer of the Government" in § 101(c).

Attorney General Wickersham ruled in 1909 that not every commissioned military officer is "an officer in a department" eligible to be designated by the President under R.S. § 179, the predecessor of 5 U.S.C. § 3347. 28 Op. A.G. 95. He concluded that the only military officers eligible for designation under R.S. § 179 are those who hold statutory offices in a department, such as the chiefs of its several bureaus, whose appointments are provided for by law (pp. 97–98). Again, in 1919 Attorney General Palmer ruled that while the War Department is an executive department, the Army is not a part of the War Department, so that an officer in the Army is not by virtue of that fact alone an officer in the Department of the Army. 31 Op. A.G. 471. This distinction between the military departments and the military services was also recognized by the Comptroller of the Treasury and the Comptroller General. 19 Comp. Dec. 834 (1913); 17 Comp. Gen. 1066 (1938).

We realize, of course, that 5 U.S.C. § 3347 uses the term "officer in an Executive or military department," while the corresponding language of § 101(c) reads "another officer of the Government." Both statutes, however, deal with the same subject matter—the temporary filling of vacancies in the executive branch. Hence, they are *in pari materia* and should be interpreted in a manner consistent with one another. *United States* v. *Jefferson Electric Co.*, 291 U.S. 386, 396 (1934); *Hynes* v. *Grimes Packing Co.*, 337 U.S. 86, 116 (1949). We cannot impute to Congress the intent that a commissioned military officer on active duty cannot serve in an acting capacity in any of the executive or military departments,

---

[1] We also assume that the officer in question has been appointed by the President with the advice and consent of the Senate. Pursuant to 5 U.S.C. § 3348 such a direction cannot endure for more than 30 days beginning with the date when the vacancy occurred. It should be noted that § 101(c) does not contain a time limitation.

[2] The General Services Administration is not one of the executive or military departments enumerated in 5 U.S.C. §§ 101, 102, but an independent establishment as defined in 5 U.S.C. § 104. Moreover, we believe that the special provisions of §101(c) supersede the general provisions of the Vacancy Act.

but is nevertheless qualified to serve as an Acting Administrator of General Services. We therefore conclude that the phrase "officer of the Government" in § 101(c) must be given the same meaning as "officer in an Executive or military department" used in 5 U.S.C. § 3347. It follows that a commissioned military officer can be designated Acting Administrator of General Services only if he holds a statutory position in a military department. As far as we know, the military officer here involved does not hold such a position.

But even if § 101(c) were to be construed to the effect that a military officer is an officer of the Government within the meaning of that provision, it would not constitute a provision to the contrary within the meaning of 10 U.S.C. § 973(b). That section embodies an important policy designed to maintain civilian control of the Government. In *Riddle* v. *Warner*, 522 F. (2d) 882, 884 (1st Cir. 1975) the court, while commenting on the history of the legislation from which 10 U.S.C. § 973(b) is derived, pointed out:

> A comment by the chairman of the reporting committee, however, shows that a principal concern of the bill's proponents was to assure civilian preeminence in government, i.e., to prevent the military establishment from insinuating itself into the civil branch of government and thereby growing "paramount" to it.
> *See* Cong. Globe, 41st Cong., 2d Sess. App. 150 (1870).[3]

That policy cannot be overcome implicitly by a broad and vague statutory authority to designate an Acting Administrator in the absence of express language stating that such designation is to be effective notwithstanding the mandate of 10 U.S.C. § 973(b). Where Congress wishes to permit a military officer to occupy a civilian position on an acting basis without forfeiting his commission, it has done so explicitly. *See* 10 U.S.C. §§ 3017(b), 5036(c), 8017(b). We therefore are compelled to conclude that even if § 101(c) were to be construed to authorize the President to designate a military officer to be Acting Administrator of General Services, his acceptance of that office[4] or the exercise of its functions would result in the termination of the officer's military appointment.

We therefore conclude that a military officer who does not occupy a statutory office in a military department is not eligible for designation as Acting Administrator of General Services and that, in any event, acceptance of that office or the exercise of its functions would result in the termination of his military commission.

---

[3] For the legislative history of that bill, *see also* CONGRESSIONAL GLOBE 41st Cong., 2d Sess., pp. 3394–3404.

[4] The position of an acting officer may not comply with the formal requirements of tenure, duration, emoluments, and duties postulated as the elements of an "office" in *United States* v. *Hartwell*, 73 U.S. (6 Wall.) 385, 393 (1868). The Attorneys General, however, have ruled that if the prohibitions of the predecessor statute 10 U.S.C. § 973(b) "are to have any substantial operation," the term "officer" must be given a nontechnical interpretation and that the policy of the statute points to a very broad interpretation of the term "civil officer." 15 Op. A.G. 551, 553 (1876); 18 Op. A.G. 11, 12 (1884); 35 Op. A.G. 187, 189 (1927).

Your second question asks whether a military officer could be appointed Administrator of General Services without forfeiting his commission. Your request and the memorandum of law attached to it do not contain any authority in support of that proposition. We are also not aware of any pertinent exceptions to the prohibition of 10 U.S.C. § 973(b). I therefore am constrained to answer the question in the negative.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*